# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

ROBERT ELLIOTT MCPHERSON;  )
AND ADAM GARY GUTHRIE,     )
                           )
　　Plaintiffs,             )
                           )
vs.                        )
                           )   CIVIL ACTION NO. _____
GENE VANDENHAM WORLDWIDE,  )
INC.                       )   **COMPLAINT FOR COPYRIGHT**
                           )   **INFRINGEMENT**
　　Defendant.              )
                           )   **JURY DEMANDED**
                           )
                           )
                           )
                           )
                           )
                           )

## COMPLAINT

Plaintiffs, Robert Elliott McPherson and Adam Gary Guthrie (collectively "Plaintiffs") for their Complaint for copyright infringement against Defendant Gene Vandenham Worldwide, Inc., allege as follows:

## PARTIES

1. Plaintiff, Robert Elliott McPherson is a musical artist and songwriter, a co-author of the musical composition entitled "Hardwire Healing" (an album including the songs "Outside the Loop" and "Makers Mound") and a legal and/or beneficial

{B2713332}

owner of a copyright interest in and to that musical composition. Mr. McPherson resides in Buhl, Alabama.

2. Plaintiff Adam Gary Guthrie is a musical artist and songwriter, the author of the musical composition entitled "Portrait of a Fool" and the legal and/or beneficial owner of a copyright interest in and to that musical composition. Mr. Guthrie resides in Birmingham, Alabama.

3. On information and belief, Defendant Gene Vandenham Worldwide, Inc. is a North Carolina corporation with its principal place of business at 3625 Amber Drive, Wilmington, North Carolina 28409.

## JURISDICTION AND VENUE

4. This is an action for copyright infringement arising under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, this Court has personal jurisdiction over Defendant because, among other things, Defendant is doing business in the State of Alabama and in this judicial district, the infringing video was made available in this district, and Defendant has caused injury to Plaintiffs and their intellectual property within the State of Alabama and in this judicial district.

7. Venue is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c)(2). Thus, venue is proper in this district because, as set forth above, Gene Vandenham Worldwide, Inc., a corporate defendant, is subject to personal jurisdiction in the District.

## GENERAL ALLEGATIONS

8. Plaintiff, McPherson is the co-author of the music and lyrics to the original musical composition "Hardwire Healing," an album that includes the songs "Outside the Loop," and "Makers Mound." McPherson owns the right and title to the copyright in the composition "Hardwire Healing."

9. Plaintiff, Guthrie is the author of the music and lyrics to the original musical composition "Portrait of a Fool." Guthrie owns the right and title to the copyright in the composition "Portrait of a Fool."

10. Guthrie registered the copyright for the composition "Portrait of a Fool" on October 29, 2015. The registration number for his copyright is SR0000777517.

11. McPherson registered the copyright for the composition "Hardwire Healing" on July 19, 2006. The registration number for his copyright is SRu000649460.

12. Defendant, Gene Vandenham Worldwide, Inc., by and through its agent Ross Patterson, contacted Cornelius Chapel Records ("Cornelius"), the music label

representing Plaintiffs, about using music from some of its artists in an upcoming film titled "Drinkin' Bros Live: The Shaved Eagle Tour."

13. In response to Mr. Patterson's request, Cornelius sent Mr. Patterson a link to all of the songs in Cornelius's catalog, in order for Mr. Ross to determine whether to use any of the songs in the upcoming movie. At no time was Defendant given permission to use any of these songs in "Drinkin' Bros Live: The Shaved Eagle Tour."

14. When Mr. Patterson sent the final version of "Drinkin' Bros Live: The Shaved Eagle Tour," to Cornelius, Cornelius informed Defendant that the movie contained seven (7) songs from artists represented by Cornelius, including the songs as issues here ("Outside the Loop," "Portrait of a Fool," and "Makers Mound").

15. "Drinkin' Bros Live: The Shaved Eagle Tour," includes Plaintiffs' songs "Outside the Loop," "Portrait of a Fool," and "Makers Mound." Despite knowing that these songs belonged to Plaintiffs, Defendant used the songs without ever receiving any license, authorization, permission, or consent to use Plaintiffs' songs.

## COUNT I
## COPYRIGHT INFRINGEMENT

16. Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 17.

17. Defendant's film "Drinkin' Bros Live: The Shaved Eagle Tour," infringes Plaintiffs' copyrights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiffs' rights.

19. As a direct and proximate result of said infringement by Defendant, Plaintiffs are entitled to damages in an amount to be proven at trial.

20. Plaintiffs are also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

21. Plaintiffs are also entitled to statutory damages pursuant to 17 U.S.C § 504(c).

22. Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendant as follows:

A. For damages in such amount as may be found or as otherwise permitted by law;

B. For an accounting of, and imposition of a constructive trust with respect to, Defendant's profits attributable to their infringement of Plaintiffs' copyrights;

C.  For an injunction prohibiting Defendant, and its respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyrights;

D.  For prejudgment interest according to law;

E.  For Plaintiffs' attorneys' fees, costs, and disbursements in this action; and

F.  For such other and further relief as the Court deems just and proper.

## DEMAND OF JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury of all issues properly triable by jury.

DATED:   November 17, 2017

Respectfully submitted,

/s/ Cole R. Gresham
P. Andrew Laird, Jr.
Cole R. Gresham (ASB-8993-L74G)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL 35259-8512
*pal@starneslaw.com*
*crg@starneslaw.com*
**Attorneys for Plaintiffs**